# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Pebble Tide LLC**, | Case No. _____ |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Arlo Technologies, Inc.**, | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Pebble Tide LLC ("Pebble Tide"), through its attorney, Stamatios Stamoulis, complains of Arlo Technologies, Inc. ("Arlo") and alleges the following:

### PARTIES

1.  Plaintiff Pebble Tide LLC is a limited liability company organized and existing under the laws of Texas that maintains its principal place of business at 5570 FM423, Suite 250-2023, Frisco, TX 75036.

2.  Defendant Arlo Technologies, Inc. is a corporation organized under the laws of Delaware that maintains its principal place of business at 3030 Orchard Parkway, San Jose, California.

### JURISDICTION

3.  This is an action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

4.  This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over Arlo because it has engaged in

systematic and continuous business activities in the District of Delaware and is incorporated in Delaware. As described below, Arlo has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Arlo has committed acts of patent infringement in this District. Further, Arlo is incorporated in Delaware. In addition, Pebble Tide has suffered harm in this District.

## PATENT-IN-SUIT

7. Pebble Tide is the assignee of all right, title and interest in United States Patent No. 10,261,739 (the "'739 Patent," or the "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Pebble Tide possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Arlo.

**The '739 Patent**

8. On April 16, 2019, the United States Patent and Trademark Office issued the '739 Patent. The '739 Patent is titled "System for Capturing and Outputting Digital Content Over a Network that Includes the Internet." The application leading to the '739 Patent was filed on March 15, 2018 and is a continuation of U.S. Application No. 09/992,413, which was filed on November 18, 2001; which claims priority from U.S. Provisional Application 60/252,682, which was filed on November 20, 2000. A true and correct copy of the '739 Patent is attached hereto as Exhibit A.

9. The '739 Patent is valid and enforceable.

10. The invention claimed in the '739 Patent relates to the transmission of digital

content to an output device from some computing device regardless of the processing power, display screen size, and memory space of the computing device. Ex. A at 1:18–23.

11. A certificate of correction for the '739 Patent was filed on April 16, 2019. A true and correct copy of the certificate of correction is attached hereto as Exhibit B.

### COUNT I: INFRINGEMENT OF THE '739 PATENT

12. Pebble Tide incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Arlo has been and continues to directly infringe one or more claims of the '739 Patent in at least this District by making, using, testing, offering to sell, selling and/or importing, without limitation, at least the Arlo Smart Home Security System (including but not limited to the Arlo, Arlo Pro, Arlo Pro 2, and Arlo Ultra cameras) ("Exemplary Arlo Products") that infringes at least exemplary claim 1 of the '739 Patent (the "Exemplary '739 Patent Claim") literally or by the doctrine of equivalence. On information and belief, numerous other systems, services, and/or devices that infringe the claims of the Patent-in-Suit have been made, used, sold, imported, and offered for sale by Arlo and/or its customers.

14. **Induced Infringement.** Arlo actively, knowingly, and intentionally has been and continues to induce infringement of the '739 Patent, literally or by the doctrine of equivalence, by selling Exemplary Arlo Products to their customers for explicit use in end-user products in a manner that infringes one or more claims of the '739 Patent.

15. **Contributory Infringement.** Arlo actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '739 Patent, literally or by the doctrine of equivalence, by selling Exemplary Arlo Products to their customers for use in end-user products in a manner that infringes one or more claims of the '739 Patent.

16. The filing of this Complaint constitutes notice in accordance with 35 U.S.C. § 287.

17. Despite such notice, Arlo continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '739 Patent. On information and belief, Arlo has also continued to sell the Exemplary Arlo Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '739 Patent. Thus, on information and belief, Arlo is contributing to and/or inducing the infringement of the '739 Patent.

18. Exhibit C includes charts comparing the Exemplary '739 Patent Claim to the Arlo Smart Home Security System. As set forth in these charts, this Exemplary Arlo Product practices the technology claimed by the '739 Patent. Accordingly, the Exemplary Arlo Products incorporated in these charts satisfy all elements of the Exemplary '739 Patent Claim.

19. Pebble Tide therefore incorporates by reference in its allegations herein the claim charts of Exhibit C.

20. Pebble Tide is entitled to recover damages adequate to compensate for Arlo infringement.

### JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Pebble Tide respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Pebble Tide respectfully requests the following relief:

A. A judgment that the '739 Patent is valid and enforceable.

B.     A judgment that Arlo has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '739 Patent;

C.     An accounting of all damages not presented at trial;

D.     A judgment that awards Pebble Tide all appropriate damages under 35 U.S.C. § 284 for Arlo's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Pebble Tide for Arlo's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Pebble Tide be awarded its reasonable attorneys' fees against Arlo that it incurs in prosecuting this action;

    ii.     an accounting of all damages not presented at trial;

    iii.     that Pebble Tide be awarded costs, and expenses that it incurs in prosecuting this action; and

    iv.     that Pebble Tide be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: April 27, 2019                                                      Respectfully submitted,

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
800 N. West Street Third Floor
Wilmington, DE 19801
(302) 999-1540

Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

***Attorneys for Plaintiff
Pebble Tide LLC***